ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
                                           )
L3 Technologies, Inc.                      )    ASBCA No. 61812
                                           )
Under Contract No. FA8620-06-G-4002 *et al.* )

APPEARANCES FOR THE APPELLANT:      Karen L. Manos, Esq.
                                    Erin N. Rankin, Esq.
                                      Gibson, Dunn & Crutcher LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:     Arthur M. Taylor, Esq.
                                      DCMA Chief Trial Attorney
                                    Robert L. Duecaster, Esq.
                                      Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE CLARKE

In this decision we consider our jurisdiction in ASBCA No. 61812.* The government initially filed a motion to dismiss due to the fact that the contracting officer (CO) withdrew the underlying contracting officer's final decision (COFD) which asserted a government claim. After briefing the issue, the Board, *sua sponte*, raised the jurisdictional question regarding whether the government's claim stated an amount in a sum certain. For the reasons stated below, we dismiss the appeal for lack of jurisdiction.

DISCUSSION

On June 28, 2018, the Defense Contract Management Agency (DCMA) CO Felecia Sousa issued a COFD and demand for payment to L-3 Communications Integrated Systems L.P., a subsidiary of L3 Technologies, Inc. (L3) (notice of appeal, tab 3). The appeal of this COFD was docketed as ASBCA No. 61812. On January 23, 2019, CO Sousa "withdrew" this COFD. On February 1, 2019, DCMA moved the Board to dismiss ASBCA No. 61812 without prejudice based on its withdrawal. On February 5, 2019, L3 filed its opposition to DCMA's motion to dismiss ASBCA No. 61812. On February 17, 2019, DCMA filed its reply to L3's opposition. On February 19, 2019, L3 filed its surreply in opposition to DCMA's motion to dismiss.

As will become clear we need not deal with the parties' arguments other than to say that L3 is correct in its position that the unilateral withdrawal of a COFD does not divest

---

* ASBCA No. 61812 is one of five consolidated appeals.

the Board of jurisdiction. However, as we were dealing with DCMA's motion, we noticed a problem with the COFD that was also recognized by the parties. CO Sousa's COFD presented three distinct amounts demanded by DCMA, $292,634, $297,677 and $572,318. The question became was this a sum certain? The jurisdictional requirement for a sum certain applies to government claims as we have here. *See Exelis, Inc.*, ASBCA No. 60131, 16-1 BCA ¶ 36,485 at 177,781. There is no way to reconcile the three amounts stated in the COFD through simple mathematical analysis or any other analysis. Neither party argues that CO Sousa's final decision states a sum certain. It is undisputed that the CDA, as implemented by Federal Acquisition Regulation (FAR) 2.101 (defining "claim"), requires a sum certain to support jurisdiction. We hold that because CO Sousa's COFD demands three distinct amounts, it fails to state a sum certain. Therefore, we have no jurisdiction.

## CONCLUSION

For the reasons stated above we dismiss ASBCA No. 61812 without prejudice for lack of jurisdiction.

Dated: March 19, 2019

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61812, Appeal of L3 Technologies, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals